IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

HEIDI BEEGLE,

                Plaintiff,

v.                                                CIVIL ACTION NO.  3:22-0084

WEXFORD HEALTH SOURCES, INC.,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

On May 15, 2023, the Court summarily **DENIED** Defendant Wexford Health Sources, Inc.'s Motion for Summary Judgment. ECF No. 30. In support of that decision, the Court issues the following Memorandum Opinion and Order.

**I. BACKGROUND**

Plaintiff Heidi Beegle was employed by Defendant Wexford Health Sources, Inc. ("Wexford") from July 13, 2015 to May 14, 2020. Compl. ¶ 9, ECF No. 1; Def.'s Ex. M – Termination, ECF No. 24-1 at 132. On September 30, 2019 Defendant held a disciplinary meeting, in which Ms. Beegle was given a "Final Warning" and a list of steps she must take to improve. Pl.'s Ex. 4, ECF No. 28-4. This disciplinary action letter gave a "Follow-Up Date" of October 14, 2019. *Id*. at 3. It appears that this follow-up meeting never occurred.

From October 3 to October 11, 2019, Ms. Beegle exercised her right to take leave under the Family Medical Leave Act ("FMLA") for personal medical reasons. Pl.'s Ex. 1, ECF No. 28-1; *see* 29 U.S.C. § 2612(a)(1). Plaintiff has testified that she had "no issues" with taking

this leave. Def.'s Ex. A – Pl. Depo., ECF No. 24-1 at 33. On October 6, 2019, while on leave, Ms. Beegle sent text messages to a subordinate concerning her father's sale of a lawnmower to that subordinate's husband. Def.'s Ex. F – Ex. 5 of Pl.'s Depo., ECF No. 124-1 at 101-15. The subordinate felt that these texts were a retaliatory measure by Ms. Beegle, as the subordinate had spoken up concerning Ms. Beegle's work performance during the September 30, 2019 meeting. *Id*.

After her return from FMLA leave in October 2019, a series of incidents occurred in which complaints were made about Ms. Beegle's behavior. First, some time in the week after returning from FMLA leave, she engaged in a dispute with her employer by telephone concerning short staffing. *Id*. at 34; Def.'s Ex. G, ECF No. 24-1 at 114-15. Second, on October 14, 2019, a subordinate of Ms. Beegle's emailed a series of complaints concerning Ms. Beegle calling the subordinate's dentist. Def.'s Ex. I – Ex. 4 of Pl. Depo., ECF No. 24-1 at 125-26. Third, an apparently open letter was signed by seventeen of Ms. Beegle's coworkers complaining of her behavior. Def.'s Ex. J – Signed Email, ECF No. 24-1 at 127. Finally, on November 21, 2019, complaints were emailed to human resources ("HR") concerning racist comments Ms. Beegle allegedly made about a subordinate's Black foster children. Def.'s Ex. K - November 21 Email Re: Stacy, ECF No. 24-1 at 128. Ms. Beegle categorically denies ever making any such racist comments. Def.'s Ex. A – Pl. Depo., ECF No. 24-1 at 47, 176:1-11. Regardless, no follow-up action from Wexford appears to have occurred in response to any of these incidents.

On March 3, 2020, Ms. Beegle's father was diagnosed with cancer and she began FMLA leave to care for him. Compl. ¶¶ 14-15. Ms. Beegle alleges that on approximately April 27, 2020, her supervisor called and told her to work while on FMLA leave. Pl.'s Ex. 2, ECF No. 28-2

at 185-86. When Ms. Beegle declined, her supervisor was reportedly displeased. *Id*. On May 3, 2020, Ms. Beegle's father died; consequently, her FMLA leave ended and she took an additional week of bereavement leave. Compl. ¶¶ 14-15. On May 11, 2020, Ms. Beegle returned to work. Pl.'s Ex. 2, Pl. Depo. at 188:14-16, ECF No. 28-3. Her employment was terminated two days later. Def.'s Ex. M – Termination, ECF No. 24-1 at 132.

Consequently, Plaintiff brought suit in this Court on February 16, 2022. Her three-count complaint alleges FMLA interference, FMLA retaliation, and wrongful discharge in contravention of substantial public policy of the state. On March 21, 2023, Defendant filed the instant Motion for Summary Judgment. ECF No. 24. Plaintiff has responded and Defendant has replied. ECF Nos. 28 & 29. On May 15, 2023 the Court heard oral argument on the Motion. The matter is now ripe for resolution.

## II. LEGAL STANDARD

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*,

477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

As a prelimary matter, the Court acknowledges that Plaintiff has voluntarily dismissed her Count I - FMLA Interference claim. *See* Resp. to Def.'s Mot. for Summ. J. at 4. Accordingly, Count I is **DISMISSED**.

Count II alleges that Defendant terminated Ms. Beegle's employment for exercising her right to FMLA leave in violation of 29 U.S.C. § 2615(a)(2). Compl. ¶ 20. Employers may not take adverse employment actions against employees who exercise their rights under the FMLA. 29 U.S.C. § 2615(a)(2); *Hannah P. v. Coats*, 916 F.3d 327, 347 (4th Cir. 2019). Courts analyze FMLA retaliation claims under the *McDonnell Douglas* burden-shifting framework. *Hannah P.*, 916 F.3d at 347 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973)). Under this framework, a plaintiff alleging FMLA retaliation "must demonstrate that (1) [they] engaged in a protected activity; (2) [their] employer took an adverse employment action against [them]; and (3) there was a causal link between the two events." *Roberts v. Gestamp W. Va., LLC*, 45 F.4th 726, 738 (S.D.W. Va. 2022) (quoting *id*. at 347). If the plaintiff succeeds in making a prima facie case of retaliation, the burden shifts to the defendant "to provide a legitimate, nonretaliatory reason for taking the employment action at issue." *Hannah P.*, 916 F.3d at 347. Here, Defendant argues that Ms. Beegle has failed to state a claim of FMLA

retaliation, as "she has offered no evidence to suggest that her FMLA rights caused her termination"—i.e. Plaintiff failed to meet the third element of the prima facie case. Def.'s Mem. of Law in Supp. of Mot. for Summ. J. at 12.

However, the Fourth Circuit has held that "for purposes of establishing a prima facie case, close temporal proximity between activity protected by the statute and an adverse employment action may suffice to demonstrate causation." *Waag v. Sotera Def. Sols., Inc.*, 857 F.3d 179, 192 (4th Cir. 2017); *see also Carter v. Ball*, 33 F.3d 450, 459 (4th Cir. 1994) (finding that temporal proximity satisfied a prima facie case in an age and race based retaliatory discrimination claim); *Leary v. Hobet Min., Inc.*, 981 F. Supp. 452, 456 (S.D.W. Va. 1997) (applying *Carter* to an FMLA retaliatory discharge claim). Here, Ms. Beegle was discharged two days after returning from FMLA leave, and less than a month after she was allegedly asked to work while on leave and refused. *See* Def.'s Ex. M – Termination, ECF No. 24-1 at 132; Pl.'s Ex. 2, ECF No. 28-2 at 185-86. Many courts have found much larger gaps between FMLA leave and retaliatory actions to be sufficient to meet the prima facie standard. *See, e.g.*, *Waag*, 857 F.3d at 192 (finding six weeks between FMLA leave and termination sufficient). Accordingly, it is indisputable that Ms. Beegle has met her burden of making a prima facie case of FMLA retaliation.

Ms. Beegle must still rebut the non-retaliatory reasons offered by Defendant to explain her termination. *See Waag*, 867 F.3d at 192 (citing *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 551 (4th Cir. 2006)). Wexford argues that Ms. Beegle was terminated due to her continued poor performance after the September 30, 2019 meeting. Def.'s Mem. of Law in Supp. of Mot. for Summ. J. at 7, 12. As elucidated above, at the summary judgment stage the Court must draw all possible inferences in favor of the non-moving party. *Matsushita*, 475 U.S. at 587-

88. A dispute of material fact will defeat a motion for summary judgment, as factual determinations are placed within the purview of the jury. *See Anderson*, 477 U.S. at 249. Any reasonably literate person who glanced at the Background section above would note the number of factual issues in contention which go to the issue of whether Defendant's non-retaliatory reason is pretextual. Defendant has provided evidence to the Court of five incidents between the September 2019 disciplinary hearing and Ms. Beegle's May 2020 termination.[1] Ms. Beegle has disputed either the import of each event or that it occurred at all. *See, e.g.*, Def.'s Ex. A – Pl. Depo., ECF No. 24-1 at 47, 176:1-11 (denying ever making comments about her subordinate's foster children); Resp. to Def.'s Mot. for Summ. J. at 7-8 (characterizing several incidents as the result of a "power struggle" with another employee). Additionally, in its Motion for Summary Judgment, Wexford included information on ethics and behavioral classes Ms. Beegle completed, implying she was made to do so because of her poor performance. Def.'s Mem. of Law in Supp. of Mot. for Summ. J. at 2; *see* Def.'s Ex. C – Training Bates Stamp Documents, ECF No. 24-1 at 90-95. Ms. Beegle contends these classes were cherry-picked from a larger corpus of office-wide courses provided to all employees. Resp. to Def.'s Mot. for Summ. J. at 9; *see* Pl.'s Ex. 13, ECF No. 28-13.

In addition to these contested factual minutiae, the parties cannot agree as to whether any complaints were made regarding Ms. Beegle between the November 21, 2019 email and her May 13, 2020 termination. Plaintiff has deposed numerous individuals at Wexford involved in the decision to terminate Ms. Beegle, none of whom could identify any complaints made post-

---

[1] *See* Def.'s Ex. F – Ex. 5 of Pl.'s Depo., ECF No. 124-1 at 101-15 (complaint about lawnmower texts); Def.'s Ex. G, ECF No. 24-1 at 114-15 (complaint about short staffing dispute); Def.'s Ex. I – Ex. 4 of Pl. Depo., ECF No. 24-1 at 125-26 (complaint about calls to a dentist); Def.'s Ex. J – Signed Email, ECF No. 24-1 at 127 (complaint signed by 17 staff members); Def.'s Ex. K - November 21 Email Re: Stacy, ECF No. 24-1 at 128 (complaint about comments made concerning Black foster children).

November 2019. Resp. to Def.'s Mot. for Summ. J. at 5-7 (discussing the depositions of regional director of nursing Catherine Reckard, senior HR specialist Eric Eckenrod, and HR director Mark Blewitt). At oral argument, Defendant could not identify any incidents occurring between November 2019 and May 2020, arguing instead that Ms. Beegle's termination was a delayed reaction on the part of Wexford. Furthermore, while Plaintiff has asserted that her supervisor demanded she work while on FMLA leave, Defendant has not conceded that this event ever occurred. *See* Pl.'s Ex. 2, ECF No. 28-2 at 185-86. These are, of course, disputes of material fact. *See Hannah P.*, 916 F.3d at 347. Finally, the Court finds that Wexford's lack of follow-up on the September 2019 meeting as well as a lack of any institutional response to the complaints made in October and November 2019 would allow a reasonable jury to infer that they were not the cause of her eventual termination. Accordingly, the Court finds that Ms. Beegle has proffered sufficient disputed factual content which would allow a reasonable jury to infer that Wexford's allegedly non-retaliatory reason for Plaintiff's termination is pretextual. The Motion for Summary Judgment as to Count II is **DENIED**.

Finally, Defendant argues that they are entitled to summary judgment as a matter of law on Plaintiff's Count III claim. Def.'s Mem. of Law in Supp. of Mot. for Summ. J. at 13-14. Count III alleges that Defendant wrongfully discharged Ms. Beegle in contravention of substantial public policy of the state of West Virginia. Compl. ¶¶ 21-23. Defendant argues that Count III fails to state a cause of action, as West Virginia law prohibits her from bringing a common law wrongful discharge claim premised on an underlying substantial public policy which has its own statutory cause of action, such as the FMLA. Def.'s Mem. of Law in Supp. of Mot. for Summ. J. at 13.

While West Virginia is an at-will employment state, a long-standing exception to this rule provides that employers may not discharge employees in contravention of a substantial public policy of the state. Syl. Pt. 1, *Harless v. First Nat'l Bank in Fairmont (Harless I)*, 246 S.E.2d 270 (W. Va. 1978); *see also Roth v. DeFeliceCare, Inc.*, 700 S.E.2d 183, 186 (W. Va. 2010) (re-affirming *Harless*); *Williamson v. Greene*, 490 S.E.2d 23, 25 (W. Va. 1997) (same). The Supreme Court of Appeals of West Virginia has found that the FMLA articulates a substantial public policy of the state for the purposes of a *Harless* claim. *Burke v. Wetzel Cnty. Comm'n*, 815 S.E.2d 520, 538 (W. Va. 2018).

Defendant cites inapposite authority to support the proposition that "[a] *Harless* claim is not available in situations where a cause of action regarding the conduct at issue already exists." Def.'s Mem. of Law in Supp. of Mot. for Summ. J. at 13 (citing *Hill v. Sowers*, 680 S.E.2d 66, 76 (W. Va. 2009) (declining to create a new private cause of action for political opponents of individuals who committed election fraud)). The Supreme Court of West Virginia has made clear that a plaintiff may pursue both claims at the motion to dismiss stage, where that plaintiff's *Harless* claim relied on the FMLA to articulate a substantial public policy of the state. *Burke*, 815 S.E.2d at 536-39; *see also Vandevander v. Verizon Wireless, LLC*, 149 F. Supp. 3d 724, 731 (S.D.W. Va. 2016) (holding that "under West Virginia law, if an individual has suffered discharge in violation of a substantial public policy of West Virginia, that individual has a common law retaliatory discharge claim against the employer, even if that individual also has statutory remedies for the employer's action."). Accordingly, the Court reiterates that plaintiffs may bring both FMLA and *Harless* claims premised on retaliatory discharge for taking FMLA leave.

Furthermore, while punitive and emotional damages are not recoverable under the FMLA, they are recoverable via *Harless* actions. *Harless v. First Nat'l Bank in Fairmont (Harless II)*, 289 S.E.2d 692, 700-03 (W. Va. 1982); *see* 29 U.S.C. § 2617(a)(1)(B) (not explicitly providing for punitive or emotional damages); *Vandevander*, 149 F. Supp. 3d at 732 (holding the same); *Farrell v. Tri-Cnty. Metro. Transp. Dist. of Oregon*, 530 F.3d 1023, 1025 (9th Cir. 2008) (collecting cases from the 5th, 6th, 7th, 8th, 10th and 11th Circuits holding the FMLA does not provide for such damages). Here, Ms. Beegle is seeking, *inter alia*, "emotional and mental stress damages" and punitive damages. Compl. at 3-4. Punitive damages would only be recoverable if she were to prevail on her *Harless* claim, and if a jury found that Wexford's conduct was "wanton, willful or malicious." *Harless II*, 289 S.E.2d at 703. Likewise, any emotional damages Ms. Beegle were to receive would stem from her *Harless* claim, providing she could demonstrate sufficient injury to the jury. *Id*. at 702. Therefore, while Plaintiff may not recover twice for damages stemming from her discharge which would be recoverable under both her FMLA and *Harless* claims, a jury could award her punitive and emotional damages for the *Harless* claim which are not available under the FMLA.

Accordingly, Defendant's Motion for Summary Judgment as to Count III is **DENIED**.

### IV. CONCLUSION

For the forgoing reasons, Defendant's Motion for Summary Judgment (ECF No. 24) is **DENIED**. Additionally, Count I is **DISMISSED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:    May 16, 2023

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE